## 52657. BELT v. ALLSTATE INSURANCE COMPANY.

STOLZ, Judge.

The appellant filed an action against the appellee insurance company to recover under an automobile policy. Judgment was rendered on a jury verdict in the appellee's favor in which the jury found the policy in issue to be void.

1. The appellant claims that the trial court erred in not granting a default judgment and in not requiring the appellee to pay costs due to its alleged default. The Civil Practice Act gives a defendant thirty days after service of the complaint in which to answer. Because various dates of service were shown on different copies of the complaint, a question of fact existed as to when service of the complaint was perfected. After hearing evidence on the matter, the judge found the date of service of the complaint to have been August 29, 1975, the date recorded on the appellee's copy. Thus, the appellee's answer, which was served on Monday, September 29, 1975, was within the legal time limit and the appellee was not in default.

2. The appellant claims that the trial court erred in denying his motion for judgment on the pleadings, because the appellee did not allege an offer to return his premiums before it brought its action to declare the policy void. Code § 20-906. There was no harmful error, however, because this defect was cured in a later amendment, which related back to the date of the original pleading. Code Ann. § 81A-115 (c) (Ga. L. 1966, pp. 609, 627, as amended).

3. The remaining issues that were argued have to do with the denial of a motion by the appellant for summary judgment. The denial of a motion for summary judgment is not reviewable other than by the procedures outlined in Code Ann. § 6-701 (a) (2) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758), i.e., the obtaining of a certificate for immediate review and the grant of the application for review by the appellate court. *Marietta Yamaha, Inc. v. Thomas,* 237 Ga. 840 (2) (1976).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED OCTOBER 7, 1976 — DECIDED DECEMBER 3, 1976 — REHEARING DENIED DECEMBER 13, 1976 — 

Charles Belt, *pro se.*

*Falligant, Karsman, Kent & Toporek, Martin Kent,* for appellee.